GEORGE W. NICKERSON *vs.* SAMUEL DYER & another.

If a committee authorized by vote of a town to effect the working of a definitely located road make a contract with J. S. for him to build a section of it, and acting and being understood to act only as agents, point out to him an erroneous location of his section, upon which he proceeds to work supposing it to be the true location, he cannot maintain an action of contract against them personally for this work, if it was not done or ordered for their personal use or benefit.

CONTRACT against Samuel Dyer and Ebenezer Freeman. The declaration alleged "that the defendants set the plaintiff to work to make a road in the town of Truro, which they pretended to him had been ordered to be made by said town after due proceedings and laying out of the county commissioners of the county of Barnstable; and the plaintiff proceeded according to the order and directions of the defendants to work and make a road where they directed and pointed out to him to work and make the same, according to their order; and in fact the said county commissioners had not ordered a road to be made by said town at the place pointed out to the plaintiff by the defendants, and the work done by the plaintiff in making said road was not done upon any location where any road had been laid out by any legal proceedings; so that the plaintiff cannot claim payment for his work and labor of said town; but the defendants owe the plaintiff five hundred and eighty-four dollars and twenty-five cents for work and labor

done as aforesaid, and for liabilities incurred by reason of the request, order and direction of the defendants as aforesaid," all as set forth in an account annexed.

Freeman's answer was a general denial. Dyer, in his answer, alleged " that if the plaintiff did any work by his directions, except such as he was authorized to give as an agent of the town of Truro, with the knowledge of the plaintiff that he was such agent, then that the plaintiff failed to execute and complete said work, and so is entitled to recover nothing therefor ; that if the plaintiff worked a . road not duly laid out by the county commissioners, he did so without direction from this defendant, and of his own motion and through his own negligence and mistake ; and that it was the duty of the plaintiff to know where to build the road according to the contract made by him with the authorities of the county of Barnstable, or of the town of Truro."

At the trial in the superior court, before *Putnam,* J., there was evidence of these facts : The county commissioners of Barnstable ordered the building of a highway in Truro on the petition of Ephraim Rich and others, and gave due notice thereof to the town, and at a lawful town meeting on November 5, 1867, the defendants, together with John Kenny, who had since died, were chosen a committee by the following votes :

" *Voted,* that the town build the road laid out by the county commissioners on the petition of Ephraim Rich and others as per report and order of said commissioners dated August 20, 1867.

" *Voted,* to choose a committee of three to carry into effect the working of said road in accordance with the aforesaid order of said commissioners, and Samuel Dyer, Ebenezer Freeman and John Kenny were elected as said committee.

" *Voted,* that the committee be instructed to divide said road into sections, and advertise for proposals to build the road, or sell the same by sections at public auction.

" *Voted,* that, when the said road is completed to the acceptance of the committee and the county commissioners, the selectmen be authorized to draw orders on the town treasurer in payment for the building of the same."

" The plaintiff bid off at public sale, in the autumn of 1866,

the right to make section No. 3 of this road, but there was **no** written contract between him and the town, or the committee, **to** do the work.

"The plaintiff and his witnesses testified, that in April 1867, on the day when he was about to begin work on this section, he sent for the defendants, and asked them where the road was to be built; that Dyer, in the presence and hearing of Freeman and Kenny, and in reply to an inquiry as to where the road was located, told the plaintiff that the road was to be built in a straight line from the ' dyke,' so called, near where they were then standing, over the hill to a point beyond the hill, which he pointed out; that the plaintiff asked if he ought not to have the records, but Dyer replied, ' We are the records; there is the road; there is where it was laid out; if you want any information, we will give it to you; ' that ' that was the road he (the plaintiff) bought,' and ' that was the road he had got to work;' and that thereupon, immediately, the plaintiff went to work with his men **on** the location thus ordered to be built.

"On another occasion the plaintiff asked them if they were sure the road was in a straight line; to which Dyer replied that it was, and that ' there was where the county commissioners laid it out, and there was where he had got to work it,' and ordered him to finish it according to the specification, on that line.

"The defendants denied any such conversations, and testified that they were not called on by the plaintiff, and gave no such directions and made no such statements as he and his witnesses had testified to, but that they had gone over the true location with the plaintiff before the sale, and had pointed out the location made by the county commissioners, stake by stake, that he knew about where it was, and that when called upon for the records they furnished them. This statement the plaintiff denied.

"The location which the plaintiff alleged that the defendants had then pointed out to him was not in fact the true location, but the true location was by another and curved line between the same points, and about fifty feet distant from the straight line **at** the widest point of difference.

" After working in this straight line about thirty days, the county commissioners came on the ground and informed the plaintiff that he was not on the true location, whereupon he left it, without completing the straight road according to the specifications, informing the defendants that he should look to them for his pay for labor and services upon it, and went to work upon the true location, finished it to the acceptance of the county commissioners and the defendants, and received his pay from the town, and now brings this action against the defendants to recover for his labor and expenses upon the straight line.

" Upon this state of the evidence, the defendants' counsel asked the judge to instruct the jury as follows :

" 1. That the only authority the defendants had, under a vote of the town appointing them, was to sell the making of the road under the terms named in the votes, and oversee the plaintiff's work and see that it was of the character called for by the order of the county commissioners.

" 2. That, upon the facts in this case, Dyer and Freeman were under no legal obligation to point out to the plaintiff the limits of the section of road which the plaintiff had contracted to build ; and if, at the request of the plaintiff, they attempted to do so, and, acting in good faith, misled the plaintiff, they are not liable to him in this action for labor done by him outside the true limits of his section.

" 3. That if the defendants, or either of them, would be liable to the plaintiff for work on a line which they had by mistake pointed out to him, still the plaintiff could not recover of them, or either of them, unless the work done by him under the mistake was done in accordance with instructions from the person or persons employing him.

" This the judge declined to do ; but instructed the jury, that, although the defendants might not be under any legal obligation to point out to the plaintiff the location upon which he was to work, yet, if at the call of the plaintiff they went upon the spot, and pointed out to him where the county commissioners had located the way, assuming the authority so to do, and ordered him to work upon that portion and no other, as testified to by the plaintiff and

his witnesses, when in fact that location was not the one laid out by the county commissioners, and the plaintiff worked upon it in good faith, believing, from what they told him, that such was the proper location and that the defendants had authority to point it out to him, then he could recover of the defendants personally in this action for his labor and expenses in so working it ; but if the defendants did not point out the location, and order the plaintiff to work upon it, as he testified they did, or if the plaintiff knew, or had reason to know, that the place pointed out by the defendants was not the true location, then the plaintiff worked it at his own responsibility and risk, and the defendants would not be liable." The verdict was for the plaintiff, and the defendants alleged exceptions.

*J. M. Day,* for the defendants.

*G. Marston,* (*J. Higgins* with him,) for the plaintiff.

WELLS, J. No express contract with the defendants is alleged or proved. There was an express contract with the town ; and the defendants acted only as agents of the town to see to the execution of that contract. It is manifest that whatever work was done by the plaintiff was done for the sole purpose of executing the contract with the town ; and that whatever directions were given by the defendants were given for that sole purpose. The work was not done, nor ordered to be done, for any personal use or benefit of the defendants ; and there is nothing in the case from which such personal use and benefit can be established as the result of any estoppel.

If the defendants misled the plaintiff by wrong information or directions as to the line upon which the work was to be done under his contract with the town, either wilfully or from a want of care inconsistent with good faith, they might be held liable in tort for the damages or loss resulting to the plaintiff by reason of work done or expenses incurred uselessly, in consequence thereof, upon the wrong line.

But the foregoing statement of the case excludes the implication of a contract with the defendants personally, or a promise by them to pay for the work done. However negligent or wrongful the conduct of the defendants, acting as agents either of the town

or of the plaintiff, so long as they acted and were understood to act only as agents, no implication of a personal contract will arise.

The court below instructed the jury that if at the call of the plaintiff the defendants pointed out to him where the way to be worked was located, assuming the authority so to do, and ordered him to work upon that line and no other, when in fact that was not the line upon which the way was laid out, and the plaintiff worked upon it in good faith, believing from what they told him that such was the proper location and that the defendants had authority to point it out to him, then he could recover of the defendants personally, in this action, for his labor and expenses in so working it.

We are of opinion that this instruction is erroneous, and that this action cannot be maintained upon the grounds therein stated.

*Exceptions sustained.*